IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 14-323-2 |
| | : | No. 14-496-2 |
| DONALD WOMACK, SR. | : | |

McHUGH, J.                                                                                                April 1, 2025

### MEMORANDUM

Petitioner Donald Womack stands convicted of numerous drug offenses following two trials by jury. After securing those convictions, the Government dismissed a third case, 14-516-3, which also charged conspiracy to distribute cocaine, arising out of the same investigation. The dismissed case involved two of the defendants named in the other successful prosecutions, during the same general period of time within the City of Chester.

Mr. Womack has moved *pro se* for relief under 28 U.S.C. Section 2255, asserting two grounds for relief. As I find no merit as to either claim, the motion will be denied.

Mr. Womack first asserts ineffective assistance of counsel arising out of his attorney's failure to move for severance of his case from that of his co-defendants, arguing that there was a prejudicial "spillover" effect from his being tried jointly. The crux of the argument is that the conspiracy as alleged was already underway when Mr. Womack was released from prison, and that he was unfairly tainted by conduct that occurred before his participation began.

This argument fails both factually and legally. As a factual matter, Mr. Womack was not a stranger to the drug trade in the City of Chester. He had been intimately involved before his lengthy federal imprisonment for conspiring to commit armed robbery of a rival in the drug trade

1

and was for all practical purposes simply reentering his prior business. In no sense was he a peripheral defendant caught up in an overly broad conspiracy indictment.

From a legal perspective, joint trials are favored because they generally promote judicial and prosecutorial efficiency, *United States v. Gorecki,* 813 F.2d 40, 42 (3d Cir.1987), and "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial," *United States v. Lane,* 474 U.S. 438, 449 (1986). Consequently, motions to sever are granted only where the dominant public interest in joint trials is outweighed by substantial prejudice, arising from case-specific problems, which will result in a manifestly unfair trial. *See Zafiro v. United States,* 506 U.S. 534, 537 (1993); *United States v. Reicherter,* 647 F.2d 397, 400 (3d Cir. 1981). No such considerations existed here, where Mr. Womack's rights were able to be adequately protected by careful instruction of the jury. Had counsel moved for severance, I would have exercised my discretion to deny the motion as Mr. Womack's joinder was entirely appropriate. Counsel did not provide substandard representation by failing to move for severance.

Mr. Womack next asserts that counsel was ineffective for "failure to present 851 notices." The contours of this argument are unclear. In part, he appears to contend that the Government failed to serve his lawyers with an information charging prior drug offenses. But such an information was docketed in both cases before trial, and service on counsel was accomplished electronically upon docketing via the Court's ECF system. No. 14-32, ECF 632 and 14-496, ECF 111. And Mr. Womack appears to concede that he was aware of the government's intentions to invoke his prior convictions at sentencing, arguing that the requirements of Section 851 are "mandatory, regardless of whether a defendant has actual notice of the government's plans to enhance his sentence." ECF 1402 at p. 14.

2

A subset of petitioner's argument appears to be that some unspecified knowledge about the "ramifications" of the 851 notices would have "deterred him" from proceeding to trial, and that counsel failed to educate him. This argument also fails both factually and legally. As a factual matter, Mr. Womack does not point to any plea offer from the Government that he would otherwise have accepted. He also knew that predicate offenses had been charged and certainly knew his extensive criminal history yet proceeded to stand trial again even after his conviction at the first trial. I cannot conceive of any additional information that would have dissuaded Mr. Womack from proceeding.

This argument also lacks legal merit as the informations filed had no impact on sentencing. I have reviewed the Presentence Investigation Report and the Government's Sentencing memorandum and can discern no application of Section 851 in the calculation of offense level or range of applicable sentences. The Guideline range was calculated between 188 and 235 months, and Mr, Womack received a sentence of 216 months for both cases combined, with the Government dismissing the third indictment.

An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge