IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| | : | No. 14-323-2 |
| | : | No. 14-496-2 |
| **DONALD WOMACK, SR.** | : | |

**McHUGH, J.**  November 13, 2025

# MEMORANDUM

These are companion motions for compassionate release under 18 U.S.C. § 3582. ECF 1411 in case 14-323-2 and ECF 351 in case 14-496-2.[1] Petitioner Donald Womack was twice convicted by juries of major drug offenses committed while he was on supervised release for conspiracy to rob a competing drug dealer. A third case was pending which the Government elected not to pursue because of these two convictions. USA v. Dorsey et al., Criminal Action No. 14-516-3. With an offense level of 34 and a criminal history Category of III, Mr. Womack faced a guideline range of 188 to 235 months, and given his prior record, and prominent role in the conspiracies charged here, he was sentenced to 216 months. Separately, Judge Savage of this Court sentenced Mr. Womack to an additional 12 months for his violation of supervised release.

---

[1] By way of initial observation, the Court acknowledges that they have been pending for some time, but they were reviewed for merit shortly after the Government's response. As Petitioner Donald Womack had filed two prior motions for compassionate release as well as a motion under Section 2255, all resolved, the Court prioritized other matters for formal resolution.

In this third petition for compassionate release, Mr. Womack again invokes his medical condition. A review of records submitted by the Government did not reveal any condition that constitutes an "exceptional and compelling" situation.

Mr. Womack also cites medical challenges faced by his fiancé, but the Government is correct in its observation that he cannot show she is completely incapacitated, nor can he show that given his large family and "strong relationships" with his family that he is the only one who could care for her.

Mr. Womack next invokes the "other reasons" provision of USSG § 1B1.13(b)(5), arguing that the combination of his medical issues and family circumstances, considered in conjunction with his separately raised argument under the "status points" Amendment to the Sentencing Guidelines, are a basis for providing relief. But I am persuaded by the Government's argument that this provision was not intended to be employed in such a way.

Moreover, even when a defendant shows extraordinary and compelling reasons for release, courts must consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether early release is merited. See 18 U.S.C. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)-(2). In fashioning a sentence, I placed significant weight on Defendant's prior involvement in armed robbery and drug dealing. I was also struck by the fact that after serving over 11 years in federal prison, shortly after beginning a term of supervised release in October 2014, Mr. Womack immersed himself in continued criminal acts contributing to a drug epidemic, working directly with the leader of the

drug trafficking organization. Defendant's release from federal prison at this juncture would not reflect the seriousness of his crimes, promote respect for the law, nor constitute adequate punishment, notwithstanding his efforts at rehabilitation.

Turning to the status points Amendment as a separate basis for relief, Mr. Womack observes that his Guideline range currently would be 168 to 210 months, as compared to the 188 to 235 months as the time of sentencing. That is so because under the revised Guidelines, he would not have earned points for offending while on supervised release. The Government concedes that the Amendment applies but argues that I should not exercise my discretion to reduce the 216-month sentence I imposed.

The Government contends that Mr. Womack has already received the benefit of federal sentencing reforms, in that 12 prior adult convictions were discounted entirely because they were more than ten years' old. Yet this passage of time did not signify that Mr. Womack had changed course but simply reflected that he was in federal custody for Hobbs Act robbery. And upon release, he immediately returned to drug dealing, absconding from supervision. Thus, while conceding that status points may not generally serve to predict recidivism, in Mr. Womack's case the Government argues that his past conduct provides the only proof necessary of future risks.

On balance, the Government has the stronger argument, with the result that Mr. Womack is not entitled to relief on any of the theories advanced. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge